UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FINANCIAL PLANNING CENTER, L.P. | CIVIL ACTION |
| VERSUS | NO: 07-0020 |
| PACIFIC INSURANCE COMPANY, LTD. ET AL. | SECTION: "S" (4) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Financial Planning Center, L.P.'s motion to remand is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.  (Document #4.)

## I. BACKGROUND

Financial Planning Center L.P. (Financial) owns a business complex consisting of two buildings in New Orleans:  a four-story office building with 20 tenants at 2475 Canal Street (building one) and a two-story office annex with three tenants at 114 North Rocheblave Street (building two).  Financial purchased insurance coverage from ICT Insurance Agency, Inc. (ICT) through its agent, Richard G. Kean, III.  Pacific Insurance Company, Ltd. (Pacific) issued a business policy of insurance for the two buildings with the following limits:  building one: $1,502,0000 for property damage and $350,000 for business income loss; and building two:

$720,000 for property damage and $150,000 for business income loss.

As a result of Hurricane Katrina, the buildings incurred damage from wind, flooding, and looting. The elevator for building one was damaged when the vent cap was blown off, leaving a 12-inch opening into which water poured through the elevator shaft. Vandals broke into building one and caused additional damage to the elevator's electronic door edge when trying to force entry. The roof-mounted air conditioning tower on building two was damaged when the steel I-beam support braces were twisted by hurricane-force winds.

Financial provided notice of loss, and Pacific retained an independent adjuster, Douglas White, to investigate and adjust Financial's claim. Pacific agreed that building one's roof was severely damaged by wind, and issued payment for the replacement of the roof and interior damage in February 2006. Pacific denied coverage for other damage to the interior and exterior of building one on grounds that the damage was not caused by a covered peril. Pacific determined that the roof on building two was partially damaged and issued payment for a partial repair. Financial's construction consultants determined that the entire roof of building two had to be replaced because water penetrated the membrane layers, but Pacific denied payment. Pacific denied coverage for any interior damage to building two.

Financial alleges that tenants on the second, third, and fourth floors of building one were unable to resume occupancy until February 13, 2006 when the elevator was restored to service. Financial filed a claim for business income loss and provided Pacific with a profit and loss statement for the rents for the six months prior to Hurricane Katrina. On January 3, 2006, Pacific denied coverage for business income loss beyond the first 21 days based on a provision

in the policy limiting such losses resulting from civil authority to 21 days.  Pacific denied coverage for business loss to the first floor because loss as a result of flooding is not a covered peril under the policy.  Further, Pacific determined that the remaining three floors did not sustain sufficient damage to render them "untenantable".  On reconsideration, Pacific determined that the "unoccupancy" of the building was due to the total flood devastation of the first floor.

Financial filed a petition for damages in Civil District Court for the Parish of Orleans against Pacific, ICT, and Kean.  Financial alleges that Pacific acted in bad faith, breached its duty of good faith and fair dealing in settling the claims for additional damage and loss of business income, and failed to pay the claims timely.  Financial alleges that ICT and Kean breached a fiduciary duty to advise and recommend options for insurance coverage, failed to procure requested coverage for appurtenant structures, and obtained inadequate coverage that resulted in a 90% co-insurance penalty for property damage.

Pacific removed the case to federal court, asserting that there is diversity jurisdiction because ICT and Kean are improperly joined and the claims against the Louisiana defendants are misjoined with the claims against Pacific.  Financial filed a motion to remand to state court.

## II. DISCUSSION

**A.  Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is

diversity between all parties." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

**B. Improper joinder**

Pacific contends that the citizenship of ICT and Kean should not be considered in determining if the parties are diverse. Specifically, Pacific argues that ICT and Kean are improperly joined because the claims against them are prescribed pursuant to La.Rev.Stat. 59:5606. Alternatively, Pacific argues that ICT and Kean owed no duty to ensure that Financial had adequate insurance coverage for building one and to advise Financial to obtain flood insurance.

Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)). The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id.

**1. Prescription**

Pacific contends that the claims against ICT and Kean are prescribed under La. Rev. Stat. 9:5606 because the lawsuit was not filed within one year of the date the alleged act should have been discovered.[1]  Pacific argues that any errors or omissions occurred between January 2005 when Financial's representative met with Kean, and March 7, 2005, when the policy was issued. Financial filed the lawsuit in August 2006, more than one year after the issuance of the policy. Financial contends that it did not discover that all its losses were was not covered and that Financial was underinsured until it received Pacific's statement of loss, denying coverage and imposing a co-insurance penalty, in February 2006, well within the one-year prescriptive period.

The prescriptive period for Financial's claim that ICT and Kean failed to provide adequate coverage or to act as a consultant to advise Financial of additional coverage is a factual question.  In a motion to remand, the allegations in the complaint are taken as true, and all factual issues are resolved in Financial's favor.  See Roby v. State Farm Fire and Cas. Co., 464 F.Supp.2d 572, 579 (E.D.La. 2006).  Therefore, Pacific has not demonstrated that there is no possibility of recovery by Financial against ICT and Kean based on La. Rev. Stat. 9:5606.

---

[1] La. Rev. Stat. 9:5606 provides in relevant part:
A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

### 2. Breach of duty

Pacific contends that ICT and Kean owed no duty to Financial, other than to procure the requested coverage. Pacific argues that there is no allegation that there was an agreement to procure flood insurance or building insurance with a higher limit.

In Karam v. St. Paul Fire & Marine Ins Co., 281 So.2d 728, 730-31 (La. 1973), the Supreme Court of Louisiana discussed the insurance agent's duty to the client:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

"[A]n insurance agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." Graves v. State Farm Mut. Auto Ins. Co., 821 So.2d 769, 773 (La. Ct. App. 2002).

Financial's manager, Roland Hymel states in his affidavit that, based on his son's long-term personal and professional relationship with Kean, he assumed he would get personal attention from Kean. Hymel retained Kean as an insurance consultant and relied on him to review the coverage in their policy for 2004-2005 issued by Hanover. Hymel states that he specifically requested that Kean procure coverage for each item previously covered by the Hanover policy and was advised that this was accomplished. When Kean did not make any recommendations for changes or additions, Hymel assumed that Kean understood the business

6

needs of Financial, reviewed the existing coverage, and made a determination that the ICT policy was adequate to insure Financial for loss to its business property.

Financial's allegations are sufficient to survive a Rule 12(b)(6)-type challenge for failure to state a claim that ICT and Kean assumed a duty greater than merely procuring insurance. Accordingly, the court finds that Pacific has not established that there is no reasonable basis to predict that Financial may recover against ICT and Kean on the breach of duty claim. Therefore, Pacific has not established that ICT and Kean are improperly joined.

## C.  Misjoinder of parties

Pacific argues that ICT and Kean are fraudulently misjoined because there is no real connection between the claims against Pacific and the other defendants. Financial argues that the claims and parties are not misjoined because there is a connection among those joined.

In Radlauer v. Great Norther Ins. Co., 2006 WL 1560791 (E.D. La. May 16, 2006), the plaintiff filed suit against Great Northern Insurance Company (Great Northern), Gerald Murray, and Insurance Underwriters Limited (Insurance Underwriters), a non-diverse defendant. Great Northern and Murray removed the case based on fraudulent misjoinder of Insurance Underwriters because the claims against the non-diverse defendant were not sufficiently related to those against the diverse defendants. The district court in Radlauer found that there was no misjoinder because there was only one plaintiff suing an insurance company, one of its adjustors, and the seller of the insurance policy. Although Radlauer alleged different grounds of recovery against the defendant, there was a palpable or real connection between the claims and the parties joined because the plaintiff sought recovery was for the same injury.

The court applies the reasoning of <u>Radlauer</u> and holds that there is no misjoinder of the parties in this case.  As in <u>Radlauer</u>, Financial seeks recovery from the insurance company, the agency, and the insurance agent based on insurance coverage for the damaged property.  This is not a case in which the plaintiffs have joined unrelated claims to defeat the court's jurisdiction.  Because the parties are not "fraudulently misjoined," diversity jurisdiction is lacking.

### III. CONCLUSION

The non-diverse parties are not improperly joined, and the court lacks subject matter jurisdiction to hear the case.  Financial's motion to remand is granted, and the case is remanded.

New Orleans, Louisiana, this __9th__ day of March, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**